**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LANCE ALLEN BRITTON, | No. 19-35782 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:15-cv-02086-CL |
| KLAMATH COUNTY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted December 2, 2020[**]

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Lance Allen Britton appeals pro se from the district court's judgment in his

42 U.S.C. § 1983 action alleging various constitutional violations.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391

F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Milstein v. Cooley*, 257 F.3d

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1004, 1007 (9th Cir. 2001) (dismissal on the basis of absolute immunity). We affirm. The district court properly dismissed Britton's claims against defendants Patridge and Vaughan because Patridge and Vaughn are entitled to prosecutorial immunity. *See Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009) (setting forth the scope of prosecutorial immunity).

The district court properly granted summary judgment on Britton's Fourth Amendment claim because the claim is time-barred. *See* Or. Rev. Stat. § 12.110(1) (providing a two-year statute of limitations for personal injury actions); *Douglas v. Noelle*, 567 F.3d 1103, 1009 (9th Cir. 2009) (explaining that the statute of limitations for a § 1983 claim is the state law statute of limitations for personal injury cases).

The district court properly granted summary judgment on Britton's false arrest and malicious prosecutions claims because Britton failed to raise a genuine dispute of material fact as to whether there was no probable cause for his arrest. *See Yousefian v. City of Glendale*, 779 F.3d 1010, 1014, n.1 (9th Cir. 2015) (the absence of probable cause is an essential element of a § 1983 false arrest claim); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1064, 1066 (9th Cir. 2004) (a malicious prosecution claim requires the absence of probable cause; a grand jury indictment constitutes prima facie evidence of probable cause).

The district court properly granted summary judgment on Britton's

19-35782

Fourteenth Amendment claim based on his pre-trial detention because Britton failed to raise a genuine dispute of material fact as to whether his confinement put him at a substantial risk of suffering serious harm. *See Castro v. v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (a pre-trial detainee bringing a Fourteenth Amendment conditions of confinement claim must demonstrate that the conditions "put the plaintiff at substantial risk of suffering serious harm").

The district court properly granted summary judgment on Britton's supervisory liability claims against defendants Rowley, Davidson, and Skrah because Britton failed to raise a genuine dispute of material fact as to whether these defendants were personally involved in any constitutional violations, or engaged in any wrongful acts causally connected to any constitutional violations. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (explaining that a defendant may only be held liable as a supervisor under § 1983 where the defendant was personally involved in the constitutional violation, or where the defendant's wrongful acts are causally connected to the violation).

The district court properly granted summary judgment on Britton's municipal liability claim because Britton failed to raise a genuine dispute of material fact as to whether the county maintained a custom or policy that inflicted any constitutional injury. *See Rodriguez v. County of Los Angeles*, 891 F.3d 776,

19-35782

802-03 (9th Cir. 2018) (requirements for municipal liability under § 1983).

The district court did not abuse its discretion by denying Britton's motions for appointment of counsel because Britton failed to demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (standard of review and requirements for appointment of counsel).

We reject as without merit Britton's contentions that the magistrate judge engaged in misconduct.

We do not consider arguments or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**